# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                                                                Case No.: 2:09-CR-165
                                                                  JUDGE SMITH

**THOMAS DEBERRY,**

                                                                  *Date of Original Judgment:*
      **Defendant.**                                  *February 23, 2011*

## ORDER

      This matter is before the Court on the Defendant's Motion to Reduce Sentence, pursuant to 18 U.S.C. §3582(c)(2), in an "Agreed Disposition Case." (Doc. 41).  Defendant was originally sentenced on February 23, 2011 to 96 months imprisonment on Count 1 of the Information for distribution of over 5 grams of cocaine base.  Defendant's sentence was ultimately vacated because the supplemental guidelines to the 2010 Guidelines manual were in effect and should have been applied to Defendant's case.  (*See* Doc. 34).  Defendant was then resentenced on January 11, 2012 to 70 months imprisonment.  Defendant's advisory sentencing guideline range was 70 to 87 months, based on an offense level 25 and criminal history category III.

      On November 1, 2014, the United States Sentencing Commission promulgated Guideline Amendment 782, which reduced by two levels the offense levels assigned to the drug quantities set forth in §2D1.1 of the United States Sentencing Guidelines, as well as parallel changes for the listed chemicals found in §2D1.11.  Defendants who are currently imprisoned for these drug offenses are eligible for retroactive application of the guidelines as long as they meet certain eligibility criteria.

      Counsel for the government, defense counsel, and representatives of the United States Probation Department have met and are in agreement that Defendant meets the Sentencing

Commission's eligibility requirements for the retroactive application of Amendment 782 to his case.  After considering the original guideline range, the extent of any downward departure, the circumstances of Defendant's case, and his behavior while incarcerated, the parties jointly recommend a reduction of Defendant's sentence from 70 months to 60 months.

Whether to grant a reduction of sentence pursuant to §3582(c)(2) is within the discretion of the court.  *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997).  In considering whether a reduced sentence is appropriate, this court must consider the factors in 18 U.S.C. §3553(a) to the extent that they are applicable.  *See* §3582(c)(2).

Upon consideration of Defendant's motion, the statutory sentencing factors set forth in §3553(a), and the joint recommendation of the parties, the Court concludes that Defendant's offense level should be reduced from a 25 to a 23, which yields a new advisory guideline range of 60 to 71 months.  Therefore, a reduction of Defendant's term of incarceration is appropriate in light of the reduction in the applicable guideline range.  The sentence of 70 months incarceration previously imposed in this case is hereby reduced to a term of incarceration of 60 months.  Under Amendment 782, Defendant's release date shall be no earlier than November 1, 2015.  Except as provided above, all other provisions of the judgment previously entered in this case shall remain in effect.

The Clerk shall remove Document 41 from the Court's pending motion's list.

**IT IS SO ORDERED.**

   /s/ George C. Smith
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**

*Order Date:    April 16, 2015*

*Effective Date: November 1, 2015*